## John Glenn's Ex'crs *vs.* Thomas D. Cockey & Wife.

Upon a bill by *cestui que trusts* against a trustee, for an account and general relief, *interest* may be allowed against the trustee, *though not prayed for in the bill*, if, under the facts disclosed, it appears equitable that it should be allowed.

Under a trust to pay debts, due on judgments and decrees, or otherwise, balances of the trust fund remained in the hands of the trustee for several years, whilst there were outstanding judgments and decrees to which it should have been applied. HELD:

That *simple interest* was properly chargeable against the trustee upon such balances.

APPEAL from the Circuit Court for Baltimore City.

The late Judge Glenn was appointed trustee in the chancery cause of Worthington vs. Thos. D. Cockey, under a decree dated the 29th of April 1840, in which the real estate of Chas. H. Cockey, deceased, was directed to be sold to pay debts. The land was sold on the 14th of December 1844, for $17,000, and an account was stated, in which the sum of $11,045.09 was audited to the defendant, Thos. D. Cockey, as devisee of said real estate. This was not, however, a cash balance in the hands of the trustee, but was becoming due in various amounts and at different times, the first payment being due the 1st of April 1846, and the last on the 1st of April 1849.

Prior to the stating of this account, viz: on the 15th of October 1845, Thos. D. Cockey, being largely indebted, executed the following power of attorney to Mr. Glenn: "Whereas, at my instance, my creditors have not all preferred their claims against me in the court of chancery, now I hereby authorise and empower John Glenn, the trustee, to pay all debts due by me, either upon judgment or decree, and any surplus to be paid to me. This authority to be irrevocable till such debts are paid, and is for the benefit of said creditors."

On the 12th of February 1848, the said Cockey, still continuing largely indebted, executed a deed, conveying to Mr. Glenn "all his real and personal estate of every kind, char-

acter and description, *in trust*, that the said John Glenn shall and may, at any time or times hereafter, sell, either at public or private sale, and upon such terms as he may think proper, the whole of said estate, or such part or parts thereof as may be necessary, and out of the proceeds to pay all debts and liabilities of the said Thos. D. Cockey, now existing, and as to the residue of said trust estate and property, if any there should be, in trust, to pay over to Sally Cockey, his wife, the rents, issues and incomes thereof, during her life, for her sole and separate use," &c.

Under this deed Mr. Glenn sold, in November 1849, real estate to the amount of $1000, and in November 1850, to the amount of $3254. These sums, together with the $11,045.09 above referred to, constitute the trust fund in the hands of said Glenn, who died in July 1853, and the object of the present bill, filed on the 4th of October 1858, by the appellees against the executors of Glenn, is to obtain an account of the application of this money, and payment over of the balance to the complainants.

The bill states that the complainants do not know what particular property the said Glenn sold under said deed of trust, or what amounts he received therefrom, or what amount of debts have been paid by him, and what is now due, but the complainants charge that all the debts of said Thos. D. Cockey have been paid, except a balance to Rachel R. Cockey, and a balance to Susan G. Ritner, formerly Cockey, the amounts of which the complainants are unable to ascertain without an account of the payments made to them by Glenn, and the bill then prays for an account of the trust, the appointment of a new trustee in place of said Glenn, and for general relief.

The executors answered the bill, and filed an account, stated from the books and papers of their testator, showing the application of the fund to the payment of debts under the power of attorney and deed of trust, and leaving a balance, after deducting five per cent. commissions on the whole amount disbursed, due the estate of their testator, as trustee, and assenting to the prayer of the bill for the appointment of a new trustee.

The cause was then referred, by consent, to a special auditor, to state such account or accounts as may be necessary, or as either party may require, from the proofs and pleadings in the cause, and such other evidence as either party may produce before him, on three days notice to the opposite party; said accounts, when stated and reported, to be subject to exception and future order of the court thereon.

Testimony was then taken, and a report made, and several accounts stated by the auditor. Account A is a statement of the sums received by the trustee, and account B a statement of the claims paid by him under the power of attorney and deed of trust, so far as satisfactorily proved. By account C, between the trustee and the trust fund, allowing the trustee a commission of five per cent. for his disbursements, a balance of $2212.50 is found due the trust fund, including interest up to the date of the auditor's report. Account D, stated at the instance of the complainants' solicitor, allows the trustee only two and a half per cent. commissions, and from the date of the last disbursement interest is charged, with annual rents, and, at the time of such rents, is added to the principal, and the interest is thus compounded. Account E, stated at the instance of the defendants' solicitor, differs from account C, in some of its items, but chiefly in the principles upon which it is stated, in reference to which the report states:

"In stating account C the auditor adopted the following method. The amount distributed by the auditor's report in the case of *Worthington vs. Cockey,* to other parties than Thomas D. Cockey, exceeding the amount of the cash payment, the trustee was credited with that excess and interest allowed on it, until the time when the first interest note became due, when the amount of that note is applied towards its payment; the interest note being, however, insufficient wholly to discharge this excess, interest on the balance is allowed to the trustee until the next instalment becomes due, and that instalment is applied to paying this and all other claims previously paid by the trustee, with an allowance of interest on such claims up to that time. This left a balance in the hands of trustee, and since that time there has been

at all times a balance in his hands. It was the duty of Mr. Glenn, under the power of attorney, to apply the funds, from time to time, as they were received, to paying off the judgments and claims against Thos. D. Cockey. Now there were judgments and decrees obtained long prior to this time; that in favor of Rachel R. Cockey, for instance, which is still in part unpaid. And as the trustee does not appear to to have applied the funds which came to his hands, as fast as received, the auditor has charged him, in account C., with interest on all balances remaining in his hands. The interest thus accruing, has been first applied towards discharging the claims paid by the trustee, and when the interest failed, then the principal in his hands has been applied in the same way. In no instance, however, has interest been compounded in account C., but has been applied only to extinguishing claims. After all the disbursements have been made, the allowance of five per cent. on the amount of the disbursements has been deducted, and on the balance thus left, interest has been calculated up to the present time.

"By account E., the commission of five per cent. is allowed, not upon the disbursements, but upon the receipts, and out of the first moneys coming into the trustee's hands. Thus by the auditor's report, in the case of *Worthington vs. Cockey*, a balance of \$11,045.09 was awarded to Thomas D. Cockey, which balance Mr. Glenn, by virtue of the power of attorney, was to receive and apply, as far as necessary, in paying the judgments and decrees against the said Thos. D. Cockey. This balance, however, was not a cash balance in Mr. Glenn's hands, but was becoming due in different amounts and at various times. By account E., five per cent. on the whole of this sum, as well as on the interest, is allowed to the trustee out of the first interest note that becomes due, before a dollar of the principal has been received or disbursed. The principal sums, as shown by account A., are then applied towards paying the several claims mentioned in account B. Interest is charged against the trustee for the balance of the principal, from time to time, remaining in his hands, but the interest so accruing, instead of being applied towards ex-

tinguishing the claims against the fund, as in account C., is carried out in a separate column, and charged against the trustee at the close of the account. By this mode the principal is continually lessened, whilst the interest which has accrued is allowed to remain idle in the trustee's hands.

"In reference to these differences between accounts C. and E., the auditor begs leave to give the reasons which induced him to adopt the mode used in account C. The greater part of this fund, which came to the trustee's hands, was realized by a previous sale, for the making of which the trustee was paid his commissions in the case in chancery. The trustee in this case, under these circumstances, would seem, not only in reason but according to the testimony of the defendants themselves, to be entitled to compensation, not for receiving a fund already in his hands, but for disbursing it, and that too only for disbursements to parties other than Thos. D. Cockey, to whom, by the order of the court in the chancery case, he was already compelled to pay. The auditor, whilst concurring with the defendants' solicitor, that for the extra labor of disbursing, the trustee was entitled to compensation in addition to that received under the chancery proceedings, and that five per cent., the amount claimed by the defendants was reasonable, did not think the trustee was entitled to this commission in advance or until his labors had been completed, and then only on the disbursements, not the receipts. The idea of taking the commissions out of the first proceeds seems to have originated of trustees making sales under chancery decrees, but the commission is allowed in such cases, principally if not entirely, for making the sale, and that service is performed before any proceeds are realized; but in this case the commissions being allowed for the disbursements, it is difficult to understand upon what principle the compensation should be allowed before the services are performed.

"In reference to the mode of calculating the interest, the auditor supposes it to be well settled law that where a balance is in hand, consisting partly of principal and partly of in-

terest, the interest is always to be first applied towards paying any claim against the fund."

Exceptions were then filed to the ratification of account C. and D.

1st. Because there is no allegation, whatever, in the bill, justifying any allowance of interest, and because there is no claim for interest made in the bill.

2nd. Because said accounts differ from account E., in the allowance of proper credits and commissions, and in the dates of such credits and commissions.

Exceptions were also filed by the defendants to the sufficiency of the averments of the bill, to authorize the introduction of any evidence, or the passage of any account, or the rendering of any decree against them, or any of them, touching, or allowing, or adjudging any interest, simple or compound, to the complainants, the said bill not alleging any claim, right or thing whatever, under which said evidence may be given, said account stated or allowed, or said decree passed, and containing no prayer for the allowance of said interest. They say that the bill contains no allegation or averment whatever, of fault, misconduct, negligence or breach of trust, in any shape, actual or constructive, by or on the part of the respondents, or either of them, or their testator, or any right or claim of the complainants to interest, and no prayer for the allowance of interest, without which allegations or prayer, or both, the respondents say no evidence touching said claim to interest is admissible, or can be considered, and no decree allowing interest can be passed.

The court (KREBS, J.) delivered an opinion stating: "After a careful consideration of the proceedings in this case, and an examination of the report of the special auditor, and the accounts filed by him, in conformity with the views set forth in his report, and those filed under instructions from the respective solicitors, I have become satisfied that, under all the circumstances of this case, the court should adopt the views and opinions of the auditor as expressed in his report, and for the reasons by which he sustains them." The judge then, differing with the auditor in regard to an item of

$274.07, which he thought ought to be allowed the trustee, passed a decree ratifying account C., with this modification and directing the defendants to "pay, or bring into this court to be paid unto the complainants, the sum of $1938.43, with interest thereon, from the 6th of May 1858 until paid, or brought in as aforesaid," with costs. From this decree the defendants appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*Oliver Miller,* for the appellants, argued:

1st. That the bill contains no allegation or averment, whatever, of fault, misconduct, negligence or breach of trust, in any shape, actual or constructive, by or on the part of the appellants, or either of them, or their testator, or of any right or claim of the appellees to *interest,* and no prayer for the allowance of interest, and that without such allegations, or prayer, or both, no decree allowing interest can be passed. *Hill on Trustees,* 524, 525. 1 *Ves., Jr.,* 426, *Weymouth vs. Boyer.* 1 *Swanst.,* 493, *Hooper vs. Goodwin.* 1 *Daniell's Ch. Pr.,* 439. The account C., therefore, in so far as it allows interest in favor of the appellees, is erroneous.

2nd. That account C. is erroneous, in so far as it differs from account E., in the allowance of proper credits and commissions, and in the *dates* of the credits and commissions allowed, and that account E. is correct and proper in these particulars.

3rd. That if the bill contained proper averments in regard to interest, the circumstances of this trust, as disclosed by the evidence, and the mode in which it was disbursed by the trustee, do not make out a case for charging any interest as against the trustee for the occasional balances in his hands.

*E. Wyatt Blanchard,* for the appellees, argued:

1st. That the facts, developed in the progress of the cause, are such as to make the trustee chargeable with *interest,* whether on the ground that he used the trust funds for his

own benefit, or neglected to make them profitable for the trust estate. The evidence shows that he received considerable sums, with which he never charged himself, in his accounts with the trust estate, and which he never appropriated for the benefit of the estate. The executors have offered no evidence to show that this money lay idle in his hands, whether as a separate deposit to the credit of the trust estate, or mingled with his own funds. If the trustee made no profit of the money, he is still chargeable with interest for neglect of duty. Under the terms of the trust, his duty was, first, to pay creditors, and secondly, to apply the annual income to the separate use of the wife. The auditor finds a balance in his hands on the 4th of April 1847, and, from that date charges him with interest. Now the evidence shows, that *before* this date, Mr. Glenn, as counsel for Rachel R. Cockey, had obtained a judgment and decree against Thos. D. Cockey, and which are admitted by the answer to be still unsatisfied. The judgment and decree bear interest against the estate, whilst the trustee retains, unproductive for the estate, an amount sufficient to have paid one, if not both. This makes a case in which he should be charged with interest. 1 *H. & G.*, 11, *Ringgold vs. Ringgold.* 1 *Johns. Ch. Rep.*, 620, *Schieffelin vs. Stewart.* 3 *G. & J.*, 311, *Diffenderffer vs. Winder.* 10 *G. & J.*, 186, *Comegys vs. State.* 11 *Ves.*, 92, *Raphael vs. Boehm.*

2nd. Interest is computed in account C., according to the established rule. The trustee's disbursements are first applied to the payment of accrued interest, and the balance in reduction of the principal. 1 *Johns. Ch. Rep.*, 17, *Connecticut vs. Jackson.* 4 *H. & McH.*, 91, *Chapline vs. Scott.* 2 *Bland*, 306, *Hammond vs. Hammond. Ibid.*, 585, *Brown vs. Wallace.* 1 *H. & J.*, 754, *Gwinn vs. Whitaker.*

3rd. The insufficiency of the averments of the bill to support a decree for the payment of interest, is objected to by the appellants. The bill is for discovery and an account. It was filed because of the ignorance of the complainants of the condition of their estate. It is only after a discovery by the defendants that they have any means of knowing whether

there is any balance in the trustee's hands on which interest is chargeable. Interest, earned by the use of trust funds, or charged to the trustee for neglecting to make trust funds productive, belongs to the trust estate as matter of right, and is as much the subject of account as the principal fund. 1 *Jac. & Walk.*, 43, *Turner vs. Turner. Ibid.*, 135, *Pearse vs. Green.* 2 *Daniell's Ch. Pr.*, 1509. 1 *Sumner's Ves.*, 452, and *notes.* 3 *G. & J.*, 311. 1 *H. & G.*, 11. 1 *Johns. Ch. Rep.*, 527, *Manning vs. Manning.* 1 *Story's Eq.*, secs. 464, 465, 522. 2 *H. & J.*, 344, *Davis vs. Walsh.*

Bartol, J., delivered the opinion of this court:

The decree of the Circuit court, from which this appeal was taken, confirms the auditor's "Account C.," in charging the trustee with interest, and one of the grounds upon which a reversal is asked, is that, "because the bill contains no allegation of misconduct, negligence or breach of trust, or any claim for interest, none can properly be allowed." In support of this view, the appellants have referred to 1 *Hill on Trustees*, 524, where the author uses this language: "It may be observed that interest will not be given against a trustee, unless it be prayed by the bill," and to sustain the text, refers to *Weymouth vs. Boyer*, 1 *Ves., Jun.*, 426. *Bruere vs. Pemberton*, 12 *Ves., Jun.*, 389, and *Hooper vs. Goodwin*, 1 *Swanst.*, 493. An examination of those cases has not satisfied this court that the principle stated in the text of *Hill*, however it may in some cases be applicable, can govern the decision of this case.

In 2 *Daniell's Ch. Pr.*, 1507, 1508, 1509, *(Ed. of* 1846,) this question is considered, and several authorities cited, which establish the principle, that if the circumstances are such, at the time of filing the bill, that a claim for interest did not exist, or could not be known, then it may be allowed, if, under the facts disclosed, it appears equitable, even although not claimed in the bill; and the learned author also refers to cases, in which bills were filed "for the express purpose of enforcing an account, and payment of balances, and

decrees for interest were made, although no interest appears to have been prayed, nor was the consideration of it reserved.'' Upon the best consideration we have been able to give this subject, we are all of opinion that the objection to the frame of the bill ought not to be sustained.

Upon the proof in the case, we concur with the judge of the Circuit court, in the opinion, that the auditor's account C., in so far as it charges interest upon the trust fund in the hands of the trustee, is correct. In support of this conclusion, see 1 *H. & G.*, 11; 10 *G. & J.*, 185, 186; 1 *Johns. Ch. Rep.*, 535, 536; *Ibid.*, 620, 624, 625; 1 *Sum., Ves., Jun.*, 452, *notes* 3 and 4; 1 *Jac. & Walk.*, 39, *Turner vs. Turner. Ibid.*, 135, *Pearse vs. Green.*

Agreeing with the views expressed by the judge of the Circuit court, we think the decree below properly ascertains the amount due from the appellants, on account of the trust funds which came to the hands of the late trustee, and the decree in that respect will not be disturbed.

It does not appear, however, that the trust is completed; some of the debts, for the payment of which it was created, do not appear to be paid in full, although the amount unpaid is not disclosed. For these and other reasons, it may be necessary to appoint a new trustee as prayed in the bill; instead, therefore, of affirming the decree, which orders the defendants *to pay, or bring into court to be paid, to the complainants*, the sum due, we shall, without affirming or reversing the decree, remand the cause under the Act of 1832, ch. 302, so that such further proceedings may be had as the case may be require.

*Cause remanded under the Act of 1832, ch. 302.*

(Decided July 19th, 1860.)