## KRAUSE v. HAMPTON, *et al.*

1. AUTHORITY OF AN ATTORNEY TO APPEAR. Questions as to the authority of an attorney to appear for a party to an action must be determined upon the evidence, and are peculiarly within the province of the District Court; and this Court will not interfere with the finding of the court upon such an issue where the record does not disclose all the evidence submitted.

2. EXCESSIVE JUDGMENT. Where the petition prayed for judgment for seventy dollars and did not ask for interest, and the appeal bond filed in the cause was in the sum of seventy-five dollars, it was held that a judgment against the principal and surety for the sum of eighty dollars and fifty cents was excessive.

<em>Appeal from Johnson District Court.</em>

MONDAY, APRIL 15.

*Clark & Brother* for the appellants.

*Templin & Fairall* for the appellee.

BALDWIN, J.—The defendants appealed from the judgment of a justice of the peace. The District Court, by consent of parties, ordered that all matters in controversy be referred to James B. Edwards for trial, with the agreement and understanding that ten day's notice of such hearing should be given to both the parties. Notice of such hearing was served upon McKay & Bradley as attorneys for defendants, who appeared for defendants and tried the cause before said referee. The referee having reported to the court that upon such hearing he had ascertained that there was due the plaintiff the sum of $80,50, judgment was rendered for the amount. Defendants appeal.

Krause v. Hampton, et al.

It is claimed by appellants, that they had no notice of the hearing of said cause before said referee ; that they were not present by themselves or their attorneys at such trial ; that McKay & Bradley were not their attorneys and had no authority to appear for them. The appellants filed a motion in the District Court to re-submit the cause to said referee for the reasons above stated. Affidavits were filed denying the right of said attorneys to appear for defendants ; and others tending to show that they were employed and authorized to appear in said cause. The motion was overruled, and this ruling is one of the errors assigned.

We do not feel disposed to interfere with this ruling of the court for two reasons; *First:* Whether the said attorneys were or were not authorized to appear, is a question to be determined upon the evidence, and is one peculiarly within the province of the District Court to determine; *Second:* It does not appear that the affidavits now before us were all the evidence the District Court had before it when it overruled the motion. Nor is the evidence in the record set out in or certified up by bill of exceptions.

The second assignment of error is, that the judgment is excessive. The amount claimed before the justice by the petition of plaintiff was $70. The appeal bond was in the sum of $75. The plaintiff by his petition does not ask for judgment for $70 *with interest*. The judgment before the justice was for $34 in favor of plaintiff; and that in the District Court against the principal and surety in the sum of $80,50. This is more than was asked for by plaintiff, and more than the surety on the appeal bond became liable for.

The plaintiff having remitted the excess, the judgment of the District Court is affirmed less the sum of $10,50, at the costs of appellee.

Affirmed.