## Stephen F. Hanford

*v.*

## Isaac Blessing.

1. Conveyance—*reconveyance of same property—mortgage.* Where a person having a lease on a piece of ground and a warehouse thereon, sold the same to another person, the grantee assuming the payment of grantor's debts in part and giving his note for the balance, and giving to the grantor a covenant to reconvey the property at the end of five years on being repaid the purchase money and ten per cent interest, the grantor to pay taxes, repairs and improvements, and to pay the grantee one half of the losses which might occur in the grain business to be carried on by them: *Held*, this transaction was in the nature of a mortgage given by the grantor to the grantee to secure the money advanced by him, and that equity, only, can do complete justice between the parties.

2. Judgment—*ad damnum.* Where the verdict and judgment are greater than the *ad damnum* in the declaration, the judgment must be reversed, although the excess may have grown out of interest accrued after suit was brought.

Appeal from the Circuit Court of Kankakee county; the Hon. Charles H. Wood, Judge, presiding.

Mr. T. P. Bonfield and Mr. C. A. Lake, for the appellant.

Mr. James N. Orr, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

Blessing having a lease of a piece of land belonging to the Illinois Central Railroad Company, and owning a warehouse situate thereon, on the 29th of November, 1864, conveyed the same to Hanford for a consideration, as expressed in the deed, of $3000. Hanford assumed the payment of the debts due from Blessing to other persons, amounting to $2230, which he

subsequently paid, and executed his promissory note to Blessing for $770, the residue of the $3000, payable in five years from date, with ten per cent interest. At the same time he and Blessing executed a contract under seal, by which Blessing covenanted to pay to Hanford $3000 in five years from date, with ten per cent interest; and Hanford covenanted to convey to Blessing, upon the payment of the $3000, the warehouse just conveyed by the latter to Hanford. Blessing also covenanted to pay the taxes on the property, and for all repairs and improvements thereon, and also one half of all losses in the grain business to be carried on by the parties in the warehouse according to the terms of certain articles of agreement already executed by them.

The warehouse was destroyed by fire before the expiration of the five years.

This suit was brought by Blessing on the note for $770 given to him by Hanford, and he recovered a verdict and judgment in the circuit court for the principal and interest of the note, the verdict exceeding the *ad damnum* laid in the declaration.

The defendant pleaded, as a set off, that the sum of $3000 was due to him under the contract above mentioned, for the resale of the property from Hanford to Blessing. This defense was not available, because the payment of the money and the making of the deed were to be simultaneous acts, and Hanford can not recover this sum until he has tendered to Blessing the deed required by the covenants in the contract. We will further remark that, on the face of this record, this transaction has much the appearance of having been designed as a mortgage, from Blessing to Hanford, to secure him for moneys advanced and losses growing out of the partnership, but in that event Hanford must have the equities of the case adjusted by resorting to the chancery side of the court, where complete justice can be administered.

This judgment must be reversed because the judgment exceeds the *ad damnum*. The plaintiff's case is not aided by the

fact that the excess was caused by interest that accrued after the commencement of the suit.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*