## DAWSON v. GRAHAM.

1. **Vendor and Vendee:** FRAUDULENT REPRESENTATIONS.  Where the plaintiff sold land, representing that it contained a large and valuable mineral deposit, *held* that, in the absence of a showing that there was no mineral in the land, as represented, a mere exaggeration as to the amount of the deposit would not constitute such a fraud upon the purchaser as to avoid a note given for the purchase money.

2. ———: ———.  In consideration of a note executed by defendant, the plaintiff agreed to convey certain land to a company of which defendant was a member: *Held*, that any fraudulent representation made by plaintiff as to the value of the property could only be taken advantage of by the company, and would not constitute a defense to an action against defendant on the note.

3. **Pleading:** INTEREST.  Where a general demand for interest is made in the prayer of the petition, it is proper to include in the judgment interest not only to the time of the commencement of the action, but also up to the time when the judgment is rendered.

Dawson v. Graham.

*Appeal from Warren Circuit Court.*

SATURDAY, APRIL 20.

ACTION upon a promissory note. The defendant pleaded in his original answer a want of consideration. He averred that the note was given in pursuance of a contract whereby the plaintiff sold, and agreed to convey by deed of warranty, to the Buffalo Creek Oil Company, of which defendant was a member, a certain tract of land in the State of Pennsylvania; and he further averred that the plaintiff never executed the deed, and never had any title. There was a trial by jury, and verdict for the defendant. The plaintiff appealed to this court, and the judgment was reversed, upon the ground that it appeared from the evidence that, before the commencement of the action, the plaintiff caused a good title to the land to be conveyed to the company. The opinion is reported in 43 Iowa, 124. After the case was remanded, the defendant filed an amendment to his answer, averring that the plaintiff never offered or tendered a legal deed of conveyance, and that the company never took possession; also, that the plaintiff made certain false and fraudulent representations concerning the quality of the land, whereby he was damaged in the sum of one thousand dollars, for which he asks judgment. To so much of the answer as sets up fraud the plaintiff demurred, and the demurrer was sustained: to which ruling the defendant excepted. The case was then submitted to the court, without a jury, and judgment was rendered for plaintiff, for the amount of the note. The defendant appeals.

*Williamson & Parrott,* for appellant.

*Bryan & Seevers,* for appellee.

ADAMS, J.—I. The first error assigned is that the court erred in sustaining the demurrer. The alleged fraudulent

Dawson v. Graham.

**1. VENDOR and vendee: fraudulent representations.** representation consisted in saying that the land contained large deposits of coal, oil and mineral. The defendant avers that he was induced by the statement to execute the note; that the statement was untrue, and was made with intent to cheat him.

The plaintiff demurred upon the ground, among others, that the answer does not show that the defendant relied upon the representations of the plaintiff, and we have to say that we think that the demurrer is well taken. While it is averred in the answer that the defendant was induced by the false and fraudulent representations to execute the note sued upon, still it is necessary for us to look at the subject-matter of the representations to enable us to determine whether the defendant can be considered as having relied upon them. Kerr on Fraud and Mistake, page 77. In mere matters of opinion, every one is presumed to rely upon his own judgment. Story's Equity Jurisprudence, § 179. The defendant does not aver that the land did not contain coal, oil and mineral. No presumption that it did not can be entertained for the purpose of establishing fraud. We may, then, take the fact to be (nothing being shown to the contrary) that the land did contain coal, oil and mineral, and that what the plaintiff said about it was a mere exaggeration. It is not averred that the plaintiff represented that it contained any particular quantity of coal, oil and mineral. ·He merely said that it contained large deposits. What would constitute large deposits of coal, oil and mineral, in distinction from deposits which are not large, is necessarily a matter of opinion. It seems to be well settled that mere exaggeration, expressed in vague and general terms, will not constitute fraud. See Kerr on Fraud and Mistake, page 82, and cases cited.

But no allegations of fraud, even if properly made, can, we think, avail the defendant. The plaintiff's contract is with the Buffalo Creek Oil Company. If the plaintiff has been guilty of fraud, a right of action against him has accrued in favor of the company. The plaintiff is certainly not liable to both the

company and the defendant. It is true, it is averred in one place in the answer that the conveyance was to be made to the defendant and other members of the company. It is also shown that the members were each to furnish, by cash or note, the same amount for the purchase of the land. From this it might be understood that the conveyance was to be made to them as joint tenants. But it is shown elsewhere that the conveyance was to be made to the company. Taking the averments altogether, it is evident that such was the agreement. It was to be made to the defendant in no sense except that he was a part of the company. The defendant's note, then, was given for the benefit of the company; the consideration moving to him was the interest which he acquired in the company, and if there was any fraud on the part of the plaintiff, the company alone is entitled to complain.

II. It is alleged as error that the court erred in rendering judgment against the defendant under the state of the pleadings. In the matter of submission, the record simply shows that the case was submitted to the court without a jury. It does not show upon what evidence, if any, it was submitted, and we conclude that it was either submitted upon the pleadings, or upon the evidence used upon the former trial. If it was submitted upon the pleadings, without evidence, the judgment is correct, for the execution of the note is admitted; and as to the other matters of defense, if they were allowable, the burden of proof was upon the defendant. If the case was submitted upon the evidence used upon the former trial the judgment must be held to be correct, according to the decision upon the former appeal.

It is claimed by the defendant that judgment was rendered *pro forma*, and no trial allowed, but, as we have seen, no different judgment could have been properly rendered, unless the defendant had other evidence to offer, and it is not claimed that he had.

III. The court rendered judgment for four hundred and fifteen dollars and sixty-five cents. In the petition the

**3. PLEADING: interest.** plaintiff asks judgment for only three hundred and forty-five dollars, and interest and costs. The note is for two hundred and fifty dollars. At the time the petition was filed it did not, with accrued interest, exceed three hundred and forty-five dollars. Under the prayer for interest it was proper to include interest accrued since the petition was filed. *Butcher v. Brand*, 6 Iowa, 235.

AFFIRMED.