ROLAND ET AL. v. THE CENTERVILLE, MORAVIA & ALBIA R'Y
CO. ET AL.

1. **Mechanic's Liens**: SUB-CONTRACTOR: PRICE PAID BEFORE NOTICE
OF LIEN. Where a railway company contracted with certain persons to
build a line of railroad, and by the terms of the contract the contractors
were to be fully paid before the work was completed, and they were so
paid, without any notice of claims for liens by sub-contractors, no such
liens can be enforced against the company or against its property.

*Appeal from Monroe Circuit Court.*

FRIDAY, JUNE 15.

IN this action it is sought to foreclose a mechanic's lien for
work and labor performed by the plaintiff in the construction
of the Centerville, Moravia & Albia Railroad. There was a
trial to the court, and the relief demanded against the railroad
company was denied. Plaintiffs appeal.

*Perry & Townsend*, for appellants.

*Baker & Haynes*, for appellees.

ROTHROCK, J.—The Centerville, Moravia & Albia Railroad
Company was duly and legally incorporated at some time
prior to the twenty-seventh day of February, 1880. On that
day said corporation entered into a written contract with the
defendants, Drake & Hill, by which it was agreed that Drake
& Hill should build a line of railroad for that company from
Centerville to Albia. It appears that this contract was en-
tered into in pursuance of proper authority from the board
of directors of the corporation, and that it was signed upon
the part of the corporation by the president and secretary,
and that it was afterwards, by proper action of the board of
directors, duly approved and ratified. We do not find any
copy of this contract set out in the record, but it appears to
be conceded that by the terms thereof Drake & Hill were to

be paid for building the road by the issuance to them of certain stock and bonds of the company, and the transfer to them of certain local aid taxes which had been voted to the company, and that full payment was to be made to them prior to the completion of the work. It further appears that such payment was made on the nineteenth day of April, 1880.

On the twelfth day of March, 1880, a contract in writing, purporting to have been made between the said railroad company and M. A. Kennedy & Co., was entered into, by which Kennedy & Co. undertook to grade the whole line of road. This contract was signed by Kennedy & Co. and by the other party thereto in these words: "C., M. & A. R. R. Co., by Henry Shaw, chief engineer." Under this contract Kennedy & Co. proceeded to grade the road. They sublet certain parts of the line to the plaintiffs herein, and the work was completed on or about July 7, 1880, at which time the plaintiffs filed their claims for mechanic's liens for certain balances due them from Kennedy & Co.

It will be seen from the foregoing statement of facts that if Drake & Hill were the principal contractors for the construction of the line of road, and if by the terms of their contract they were entitled to their compensation in full before the road was completed, and this compensation was fully paid to them before that time, and without any notice of claims for liens, no lien could be enforced against the railroad company or against its property. *Stewart & Hayden v. Wright*, 52 Iowa, 335. It is contended, however, that Drake & Hill were not principal contractors, but that Kennedy & Co. were the principals, by virtue of the written contract signed by Shaw as engineer of the company, and this leads to the inquiry whether said contract was in fact a contract by the company. We think the evidence shows very clearly that it was not. The act of Shaw in entering into the contract was not authorized by the company. It was never ratified, and, indeed, there is an entire absence of any showing that Shaw had any authority to contract in behalf of the company; and we

find nothing in the record which should estop the company from denying that it was a party to the contract with Kennedy & Co. There is but little more neccessary to be said in this case. It appears that the railroad company issued to Drake & Hill $30,000 in stock, after plaintiffs had filed their lien. It is claimed that this payment not having been made before the lien was filed, the right to a lien attached. But it appears that this payment was not made upon the contract to build the road. It was upon another contract made with Drake and Hill to reimburse them for money advanced in payment of the right of way. We have not thought it necessary to enter into an extended discussion of this case. There is no escape from the conclusion that the circuit court correctly found that the plaintiffs were not entitled to a lien as against the railroad company, unless we were to hold that it had no legal existence, and no power to contract; and to so hold, it appears to us, would be to ignore the plainest legal principles.                                              AFFIRMED.