TEXAS & ST. LOUIS RAILWAY CO. v. DONNELLY.

1. EVIDENCE: *Relevancy of.*
   Donnelly sued the T. &. St. L. R. R. Co. for work done in the construction of the road under an alleged contract with the company. The company denied the contract, alleging that they had previously contracted with Hibbard for the construction of the road, and that Donnelly was sub-contractor under Hibbard; and on the trial, after proving by parol that they had contracted with Hibbard, they offered to read the contract as evidence, but the court refused it. *Held:* That the issue was whether they had contracted with Donnelly, and that the terms and stipulations of the contract with Hibbard were not relevant to the issue.

2. SAME: *Same.*
   Donnelly contracted by parol with the chief engineer of a railroad company to build two different sections of the road. Afterwards the contract for building one of the sections was reduced to writing and signed by Donnelly, in which it appeared that he was contracting with Hibbard, to whom the construction of the whole road had

been previously contracted by the company. When the original contract was made, the engineer did not disclose Hibbard as his principal; Hibbard paid for the construction of the section embraced in the written contract, and Donnelly sued the company for the construction of the other. The company claimed that the contract was with Hibbard, and not with the company, and upon the trial offered the written contract as evidence, but the court refused it. *Held:* That the written contract was not relevant to the issue—that a subsequently written contract could not control a parol contract previously made in regard to a different subject matter.

3. WITNESS: *Impeachment of.*

A witness may be impeached by introducing his pleading under oath in another case which is in conflict with his testimony.

4. CONTRACTS:

A contract for work is not void because the contractor has previously contracted with another party to do the same work. He only makes himself liable to both parties.

5. INTEREST: *When to be included in verdict.*

In an action upon an account where the prayer is for judgment for the amount of the account, " and for his cost and other relief," interest may be added to the amount found due, from the time it was payable to the time of the trial.

APPEAL from *Lafayette* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

*L. A. Byrne* and *Barker & Johnson* for appellant.

The written contract with Hibbard should have been admitted in evidence. It was part of the *res gesta*, and showed the terms, specifications and conditions, and who were the contracting parties. *Wharton Ev., vol 3, sec. 1014, 15–16; Parsons Cont., vol. 2, 517–18–19; 18 Ark., 65; 1 Paige, 13; 8 Pick., 56.* The two contracts, as to terms and conditions, were one and the same. *7 Ark., 321; 1 Phil. Ev., 185, 201,* and note, and for the refusal of the court to admit it in evidence the judgment should be reversed. *2 Whart. Ev., secs. 1103 and 259.*

Stephens never had any authority to bind the company, but was acting for Hibbard. An agent cannot bind his principal beyond the scope of his authority. *Story Agt.*, *secs. 147, 155, and note 165; 3 Ark., 227; 23 ib., 32; 52 Iowa, 633; 61 ib., 380.*

The contract with Hibbard to build the entire road should have gone to the jury, to show that appellant nor Stephens could have made a valid contract with appellee for the work, Hibbard having the entire contract. *Rowland v. Ry. Co., XL Am. and Eng. R. R. Cases, 47; 61 Iowa, 380.*

The answer to the garnishment was not germain to the contract of appellee, and was a matter in no way connected with this suit, and it was wholly immaterial what Stephens answered.

*H. G. Bunn* and *Montgomery & Hamby* for appellee.

*First*—There was no error in the ruling of the court below in excluding from the jury the written contract for the work north of Camden, for while a contemporaneous written contract about the same subject matter may sometimes be admitted in evidence to show the mere *specifications* of a verbal contract, yet it will not be admitted to show anything more—the parties and their contract—liability, or rather want of liability—as in this case sought to be shown by the defendant in court below, there being no controversy as to the specifications. *Byrd v. Bertrand, 7 Ark., 321.*

*Second*—The laws of Arkansas do not permit a railroad corporation to shirk responsibility for constructing and operating its road to the citizens of the state, by substituting an individual without her borders and the jurisdiction of her courts in its place. *Mansfield's Dig., secs. 5405, 5506, 5507.*

*Third*—The interests of a railroad company and of a contractor to construct its road are antagonistic, and so much so that the chief engineer of the one, whose duty it is to lay off, and measure, and examine the work to be done by the other, cannot consistently act as the agent of both in respect thereto. *Story on Agency, 3d ed., secs. 210, 212, 214.*

*Fourth*—It was notorious that Stephens was the chief engineer and agent for the company charged with the location, survey and construction of the road ; and it does not appear that Hibbard, as a chief contractor, or as anything, was ever heard of in the regions through which this road was run, except among the favored few.

The plain truth is, Hibbard never cut any important figure as its agent in letting these contracts, and did nothing to lead the public to believe otherwise. It is therefore responsible. *Jacobson v. Poindexter, 4 Ark., 97.*

A principal cannot limit (and, of course, cannot altogether avoid) his liability by secret instructions (or secret arrangements) with his general agent. *Jacobson v. Poindexter, supra ; Walker v. Skipwith, 33 American Decisions, 161 ; Lobdell v. Baker, ib., 35.*

The case of *Rowland et al. v. Central M. & A. R. Co. et al., 61 Iowa, 380,* cited in appellant's brief, as a case exactly in point, differs somewhat from the case now under consideration, in several particulars, as will be shown by the syllabus of the case which seems to be a correct one.

COCKRILL, C. J. Donnelly sued the railroad company for work done by him in the construction of the road, under a contract made, as he claimed, with the company. As to whether there was a contract with the company, was the chief matter of dispute on the trial of this case, the company contending that the contract to build the road

through Arkansas had been let by it to one Hibbard, and that Donnelly had contracted with him to build a part of the road, and should look to him for payment.

The undisputed facts were that Donnelly entered into a contract with C. F. Stephens, who was the chief engineer of the railroad company, to do certain work on the line of the road east of Red river, and also certain other work east of Camden. The contracts were oral, and were entered into at one and the same time, and after the contract was let by the company to Hibbard to construct the entire line in this state. When the contracts with Donnelly were entered into, the engineer of the company who was in charge of the construction, and was letting contracts to build the road in sections, did not disclose Hibbard as his principal. <span>1. EVIDENCE: Relevancy of.</span>

After work had begun under the oral contract on the line of the road east of Camden, the terms of this contract were reduced to writing, or more properly, the appellee signed a printed form in which Hibbard appeared as the principal contractor, and the appellee's contract by its terms is with him and not the company. No controversy arises about the work done under this contract. It was paid for, the appellee receipting to Hibbard for the money paid. Similar receipts were given by him for money received on account of work done under the Red river part of the contract. As far as this record discloses, however, the only active duty performed by Hibbard under his construction contract was to draw money from the president of the company for the purpose of causing it to be disbursed to contractors employed by the company's engineer.

The jury under direction of the court, made a special finding of facts which amounts to this; that Stephens, the company's engineer, was authorized by the company to let contracts for the construction of the road; and that

the company, and not Hibbard, had paid the appellee the money received by him on the contracts made with Stephens. They returned also a general verdict for the appellee, awarding him $4,514.68. As the motion for a new trial does not question the sufficiency of the evidence to sustain either the general or special verdict, it does not become necessary to inquire into the evidence upon any of the points specially found. They must be taken as established by the proof.

The company offered in evidence a contract purporting to be made between it and Hibbard for the construction of the road, the terms, conditions and specifications of which run through many pages of the transcript. The court permitted the company to show by Stephens, its engineer, that such a contract existed, but refused to let the contract itself be read in evidence. This is assigned as error.

Clearly the appellant was not prejudiced by the action of the court. The issue for the jury to determine was whether there was a contract between the company and Donnelly, and the terms and specifications of a contract between the company and some other party, did not tend to throw light upon that issue. The utmost that the company could claim to prove was the fact that a contract with another to build the road existed, as a foundation for proof that Donnelly's work was done under a sub-contract with the principal contractor. The company was permitted to show this much, as we have seen, and more than this would have tended to divert the minds of the jury from the issue.

The court excluded also the written contract entered into by Donnelly for the construction of the east Camden work.

2. Same.    The agreement as to both pieces of work was in the first instance oral, and the parties agreed in their testi-

mony upon the trial, and the jury found specially, that the terms of the agreement for both pieces were the same. Afterwards the engineer and Donnelly saw fit to enter into a written agreement as to the east Camden work, but the Red river contract, about which the controversy arises, was left in parol. Upon no principle can it be said that a subsequently executed written contract should control and govern a parol contract previously entered into in regard to a different subject matter. But the appellant contends that the written contract was made in pursuance of the parol agreement, and that inasmuch as the former was between Hibbard and the appellee, it was a circumstance to show that the appellee had contracted with Hibbard in the first instance. The court permitted the company to show the fact by parol, and instructed the jury that this fact was to be taken into consideration in determining with whom Donnelly had contracted. This is as much as the appellant could have required if the contract had been read *in extenso* to the jury.

But if other reasons were wanting, the action of the court was right, because the contract was not offered in apt time. It was offered upon the cross-examination of the appellee, the plaintiff below, before the close of his evidence and before laying any foundation for its reception. No subsequent effort was made to put it in evidence, the appellant being satisfied apparently with introducing parol evidence as to the facts of the contract.

The appellee for the purpose of impeaching the statement made by Stephens, that all of the contracts for labor on the road were made by him for Hibbard, and not for the company, introduced an answer under oath made by Stephens on behalf of the company, in a garnishment proceeding against the latter, in which the company acknowledged itself indebted to one Nelson on account of work

3. WITNESS: Impeachment of.

done in constructing its road under one of Stephens' contracts. This was not error. The answer tended not only to contradict Stephens, but to show the scope of his authority.

**4. Contracts with different parties.** The theory of the company seems to be that when it was proved that a contract had been made with Hibbard to build the road, the fact was established that the power to contract about the same subject matter was exhausted, and that any subsequent agreement entered into by it for the like purpose was void. If there was a binding contract with Hibbard, the company could not affect his rights under it simply by entering into a contract with another in reference to the same subject matter; but if the company saw fit to disregard the Hibbard contract, and enter into another with the appellee, the consequence would be not to enable the company to avoid the latter contract, but to render itself liable to Hibbard for a breach of the contract with him. No question arises between Hibbard and Donnelly, and the company cannot shield itself behind Hibbard for the purpose of avoiding liability incurred under a subsequent contract made with Donnelly. The jury, however, from their special findings, appear to have believed that the Hibbard contract was a sham, and determined the case, in a measure, on that hypothesis.

The case of *Rowland v. Ry.*, *61 Iowa, 380*, relied on by the appellant, does not sustain the position taken. That was an action by a contractor to get the benefit of the laborer's or mechanic's lien on the railroad, under the Iowa statute, and the question was whether the plaintiff was a contractor or sub-contractor, his rights depending upon the position he occupied in that respect. The company had let a contract to another to build the road, and the plaintiff afterward entered into a contract with an officer of the company to perform the work for which he

claimed the lien. The officer had no authority from the company to bind it by contract, and his action was never ratified or the contract adopted by the company. This is expressly stated in the opinion, and the judgment is made to turn upon the fact of the entire absence of authority in the officer to bind the company. The unavoidable infer-ence is, that if the company had undertaken to clothe the officer with authority to act for it, the plaintiff would have been regarded as a principal contractor, notwithstanding the company had actually paid the first contractor for the work done by the plaintiff.

It is not necessary to note the charge to the jury in detail. The court instructed them substantially in accordance with the views above expressed.

The appellee's claim was based upon an account for $4,275, due some two years before judgment was rendered. He prayed judgment for this amount and for " his costs and other relief." The court directed the jury to add in-terest to the amount they might find due, from the time it was payable, under the contract, to the date of trial, and they brought in a verdict for $4,514.48. It is said that this is more than is claimed in the complaint. The complaint alleges that the amount was due and was unpaid, and the rule is that money due by contract shall bear interest from the time it is payable. *Roberts v. Wilcoxson, 36 Ark.,* *355.* The complaint contained all the data necessary to reach the conclusion arrived at by the jury. The contract was set out in it, the time when interest began to accrue was embraced within the issue, and the prayer for general relief was sufficient to indicate the intention to claim it. *Harrison v. Perry, 2 Bush. (Ky.), 101; Lane v. Glauckauf, 28 Cal., 288; Cassacia v. Phœnix Ins. Co. ib., 628; Green Pl. & Pr., sec. 677; Bliss Code Pl., sec. 165; Byrd v. State, 15 Ark., 175.*

5. INTER-EST: When to be included in verdict.

In an action sounding in tort where damages are claimed *eo nomine,* the judgment cannot exceed the demand stated. See *Cohn v. Hoffman, ante.*

Affirm.