MALLORY *et al.* v. CITY OF MARION WATER WORKS COMPANY *et al.*

**Mechanic's Lien:** MATERIALS TO CONTRACTOR : CONTRACTOR PAID BY OWNER IN ADVANCE. Where a contractor receives payment in full before the agreement with a subcontractor for materials is made, the subcontractor cannot have a lien as against the owner or his property. (See *Stewart v. Wright,* 52 Iowa, 377; *Roland v. Railway Co.,* 61 Iowa, 380.) In this case it was claimed that the contractor was in fact the company for which the work was done, and that, therefore, the company and its property should be charged with the lien; but the evidence (see opinion) does not support the claim.

*Appeal from Linn District Court.* — HON. J. H. PRESTON, JUDGE.

FILED, MAY 28, 1889.

ACTION in equity to foreclose a mechanic's lien. After a hearing on the merits the relief demanded against the City of Marion Water-Works Company was refused, and the plaintiffs appeal.

*Davis & Voris,* for appellants.

*Thompson & Lanning,* for appellees.

ROBINSON, J.—Jesse W. Star, Jr., submitted to the city of Marion a proposition to erect and complete a system of water works according to the plans and specifications given. It specified the number of hydrants to be furnished, upon which the city was to pay an annual water tax, and contained a schedule of rates or water tax to be charged private consumers. The proposition was accepted as of the nineteenth day of April, 1885. On the nineteenth day of May, 1885, it was assigned by Star to the City of Marion Water-Works Company, a corporation, and on or about the same date he agreed with the company to furnish all material and machinery, and to perform all labor necessary to fully construct and complete the water works according to the proposition

accepted by the city. The consideration he was to receive was the capital stock of the company and seventy thousand dollars of its bonds secured by first mortgage upon all its property. The stock and bonds were issued to Star in accordance with the agreement on the twentieth day of May, 1885. On the twenty-sixth day of September, 1885, Star ordered of plaintiffs the material for which they seek to recover in this action, consisting of iron and bolts for the stand-pipe, of the value of $592.70, and the order was filled. It is contended that Star was in fact the water-works company; that he claimed to be the company, and was so treated by its officers; and that, although the material was sold to him as an individual, yet, under the circumstances of the case, the lien of plaintiffs should be established as against the company, and the payment by the company to Star be disregarded. W. S. Mallory testifies that the business of plaintiffs was done with Star for the water-works company, but the statement for a mechanic's lien which was filed by plaintiffs shows that the account was made and the lien claimed as against Star alone. It is neither alleged nor shown that there was any fraud on the part of Star in his transactions with plaintiffs. It is shown that he occupied to the company the relation of a contractor who had received payment in full before the agreement with the subcontractor was made, and therefore the lien of plaintiffs cannot be established as against the water company. *Roland v. Railway Co.*, 61 Iowa, 380; *Stewart v. Wright*, 52 Iowa, 337. The officers of the company were required to be stock-holders, and some question is raised as to whether the officers held their stock in good faith. It is not shown that they did not so hold it, nor is the validity of the corporation questioned. The evidence fails to show any valid claim of plaintiffs against the water-works company. The judgment of the district court is therefore

Affirmed.