KOHN v. SCHULDENFREI.

(Supreme Court, Appellate Term. November 18, 1903.)

1. INTEREST—FAILURE TO DEMAND—EFFECT.
    The failure to demand interest in the oral complaint and the failure to state the item of interest in the bill of particulars do not prevent the court from allowing interest as a matter of substantial justice.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

. Action for commissions on sales by Isaac C. Kohn against Henry Schuldenfrei. From a judgment for plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Thomas P. Hall, for appellant.
Blumenthal, Moss & Feiner, for respondent.

PER CURIAM. Upon the issue of fact involving the custom of trade as to commissions of salesmen on goods sold but returned, the probabilities are not necessarily with the defendant in his contention that the return of the goods, irrespective of reasons for the return, where no fault of the salesman is involved, must result in the loss of commissions. The evidence justified a finding to the contrary, supported, also, by the actual custom of these parties in their dealings. The pleadings being oral, the failure to demand interest in the complaint does not affect the plaintiff's rights, and, while an item of interest is not stated in the bill of particulars, there was no error in the allowance of interest as a matter of substantial justice. It appears, however, that a very material mistake was made in the computation upon which the judgment was founded. The item of commissions at $7\frac{1}{2}$ per cent. on sales of $13,110.53 is actually $983.29, but the justice has accepted the plaintiff's statement that the computation results in $1,083.31. Obviously, the recovery so far cannot be supported, but, the other items being correct, the judgment will be affirmed, if properly reduced. The reduction, with the proportionate interest allowed, should be $105.84. If the respondent consents to a modifica-

¶ 1. See Interest, vol. 29, Cent. Dig. § 147.

tion to this extent, the judgment will be affirmed, with costs; otherwise judgment reversed, and a new trial ordered, with costs to appellant to abide the event.