ANNA E. YOUNG, Appellee, v. JOHN B. YOUNG, Appellant.

DIVORCE:    Decree—Stipulation—Construction.    A    defendant    in divorce proceeding who is bound by decree and stipulation to defray the expense of his minor child in obtaining an educa· tion at such college as he and the wife and child might agree on, is bound for such expense, though he was not consulted as to such college, but knew the child was .attending a certain college, and *by his silence acquiesced in such attendance.*

JUDGMENT:    Construction—Decree Following Stipulation.    Princi· ple recognized that a decree must be so construed, if possible, as to give full effect to all its provisions.

DIVORCE:    Decree—Construction—Spending    Money    for    Minor. Decree construed, and held to impose on defendant the obliga· tion to reimburse the mother of a minor child for spending money and money for incidental purposes furnished to said child while attending college.

PLEADING:    Issue, Proof and Variance—Interest on Balance Due —Allowance Without Prayer.    The allowance of interest on the sum found due in an equity cause containing no general prayer for equitable relief and no specific prayer for such interest, depends on the question *whether substantial justice and the giving of complete relief under general equitable principles de- mand such allowance.*

PRINCIPLE APPLIED:    A husband and wife were divorced. A stipulation was signed and a decree was entered, under which the defendant was bound for the support and education of a minor child. The language of the stipulation and decree was such that the exact measure of the defendant's obligation was fairly in dispute. He made certain payments, and in good faith refused to make others which he claimed were not within the language of the decree, and which he also justly claimed were not as economical as the wife and child might have made them. The wife, having advanced these latter items, brought suit *in equity* to recover the same, under the stipulation and decree, and the cause was voluntarily tried in equity. There was no

general prayer and no specific prayer for interest on the sum sued for. The court held that the defendant was liable for said sums, and added interest from the time the balance might have been first struck. Defendant appealed. On appeal, *held* that the allowance of the trial court was right, *except as to the interest allowance,*—that interest should be allowed only from the date when the appellate court finally determined the amount due.

*Appeal from Black Hawk District Court.*—CHARLES W. MULLAN, Judge.

MONDAY, MAY 14, 1917.

THE parties were divorced in 1907. A stipulation was entered into in connection with the decree of divorce. This action is based upon that stipulation, possibly upon the stipulation and the decree. In this action, appellee seeks to hold appellant liable on account of certain expenditures made by her in the education and maintenance of the child of the appellant. Of the allowance made by the trial court, the appellant here and now complains.—*Modified and Affirmed.*

*Williams & Clark,* for appellant.

*Pickett, Swisher & Farwell,* for appellee.

SALINGER, J.—I. The parties were divorced on June 3, 1907. The appellant contends that the stipulation and the decree are not identical in provision; that the decree controls; that it remains effective until changed upon a direct application to modify; and that there has been no such application. Conceding this to be true, for the purposes of statement, we are confronted with the claim of appellant that the allowances made by the court and now complained of work a collateral and unauthorized modification of the decree. See *Shaw v. McHenry,* 52 Iowa 182; *Reid v. Reid,* 74 Iowa 681; *Kinney v. Kinney,* 150 Iowa 225; *White v. White,* 75 Iowa 218. In other words, that the

allowances complained of are unauthorized by any proper construction of the obligation imposed upon the appellant by the decree and so much of the stipulation as is additional to and not in conflict with the decree.

The stipulation and decree, properly treated with relation to each other, fix the mutual obligations as follows:

(a)   On the date when decree is granted, appellee is to be paid $6,000. It seems she was.

(b)   The mother is to have temporary custody and is to do all in her power to keep a named minor daughter in the public schools of West Waterloo until her graduation.

(c)   In view of the intention to give the minor child a college education, it is agreed that the college or university to which she shall be sent is subject to the further agreement of the parties and of the minor child.

(d)   The father is required to pay to the mother for the support and lodging of the minor child $15 a month, payable monthly in advance, to be paid as long as the minor child remains in the custody of the plaintiff, and in no event later than after she attains her majority. This payment was made.

(e)   The father is required to provide the minor child with proper and suitable clothing.

(f)   The father is to pay all other necessary and proper expenses in caring for, maintaining and educating this child.

It appears that the father paid at the rate of $5 a month an additional sum, amounting to $105, between September, 1909, and until the child reached her majority. In that same period, he paid for dresses, shoes, etc., amounts aggregating $102.

The ultimate contention of the appellant is that, considering the $6,000 cash paid, and the said other payments, he has done all that the stipulation and decree obligated

him to do, and that it was error to make allowances additional to these payments.

The child was graduated from the high school in the city of Waterloo in June, 1909, at the age of 16. Appellee moved from Waterloo to Cedar Falls, her former home, and took her daughter with her. There the child entered the State Teachers' College in that city.

II.   It is strenuously contended that 1. DIVORCE: decree: stipulation: construction. there is no justification for making an allowance on account of the expenditures made to maintain the minor in college; that the decree provides nothing for a college education, beyond authorizing such education, if the parties and the minor child shall later agree that there shall be college education, and where. We are inclined to agree with the trial judge in holding that mutual acquiescence, with knowledge that the girl was attending college, operates to supply such agreement. In a sense, thus holding decides a moot question. We incline to the opinion that what appellant complains of is that $644 was allowed for board, lodging and laundry while the girl was attending college. The complaint seems to be that, though it required that much of an outlay for these items while the daughter attended college, the father should not be charged therewith, because the payments imposed upon him by the stipulation and decree, which he has made, fixed the limits of what he was required to pay the mother for such items as board, lodging and laundry; in other words, that, when he complied with the provisions that required him to pay the mother for the support and lodging of the child at the rate of $15 a month, payable monthly, paying that much absolved him from an expenditure for such purposes beyond that $15 a month, and especially if the additional expenditure was due to college attendance. We have said already that the appellant acquiesced in the college educa-

tion. It remains to be seen whether paying $15 a month for support and lodging is the limit of his obligation in that regard. If this provision requiring the payment of $15 a month stood alone, that might be so. But there is not only a provision that he shall pay that sum for support and lodging of the minor child, but that provision itself is coupled with a qualification that this is to be done while the minor remains in the custody of the mother, and there is a further provision which, on the theory of the appellant, is utterly without meaning, and that is that he is "to pay all other necessary and proper expenses incurred in caring for, maintaining and educating her." This does not mean merely proper and suitable clothing, because such clothing is specifically provided for. We think the true construction of the decree is, upon this record, that, while the child attends college, the contribution for board, lodging, laundry and the like is not limited to said $15 a month. As said, upon no other theory can all of the decree be given effect.

2. JUDGMENT: construction: decree following stipulation.

III. The following items were allowed and are objected to: September 1, 1909, and December 1, 1909, $20 each time, $10 for incidentals and $10 for spending money, an aggregate of $40; January 5, 1910, skates, $1.75; March 8, 1910, incidentals, $10, spending money $10; August 30, 1910, incidentals $10, spending money $10; November 18, 1910, incidentals ₱10, spending money $10. Still another expenditure of $10 for incidentals and $10 for spending money is complained of. The argument puts it in March, 1911. There seems to be no such charge under that date, but there is one followed by March 5, 1911, and preceded by the date line November 2, 1911. The total of these appears to be $121.75.

3. DIVORCE: decree: construction: spending money for minor.

The complaint of these expenditures is that they cannot be said to have been contemplated by any construction which can be given the decree of divorce. We have said enough to show that we do not concur in that view.

IV. The district court found that there was due the plaintiff the sum of $1,577.79. Against this, it allowed a credit for $528. To make up the allowance, items aggregating $18 were included, for which expenditure was made after the daughter had attained her majority. This was unauthorized. See *Snover v. Snover*, 13 N. J. Eq. 261.

In an amendment to petition, the plaintiff admits that, for the two years in question, the defendant paid for the support and maintenance of the daughter $20 a month, or $480. It is admitted that a payment for extras, aggregating $102, was made. Deducting the $18 from the allowance made, and deducting from the remainder the sum of $582, which is the aggregate of said $480 and $102, and we find that, upon sustaining the theory of the trial court up to this point, the judgment should have been for $967.79, instead of $1,049.79.

V. The trial court seems to have allowed interest upon the balance found due as to the time when such balance could first be struck. Had the cause been tried on the law side, this allowance would compel us to enter upon a field wherein there is great conflict and confusion. While we are relieved from determining whether such an allowance can be made on the law side in the absence of a specific prayer for interest, we are compelled, in order to reach what we do have for decision, to say that the weight of authority is against such allowance in an action at law, unless interest is expressly prayed for. See *Krause v. Hampton*, 11 Iowa 457; *David v. Conard*, 1 G. Greene 336; *Hubbard v. Blow*, 4 Call (Va.) 224; *Brooke v. Gordon*, 2 Call (Va.) 177; *Schermerhorn v. Per-*

4. PLEADING: issue, proof and variance: interest on balance due: allowance without prayer.

*man,* 2 Bailey (S. C.) 173; *Reichart v. Beidleman,* 17 Serg. & R. (Pa.) 41; *Morley v. City of St. Joseph,* (Mo.) 87 S. W. 1013; *In re Sherman,* 53 N. Y. Supp. 376; *Adams Exp. Co. v. Milton,* 74 Ky. 49; *Shockley v. Fischer,* 21 Mo. App. 551; *Mills v. Heeney,* 35 Ill. 173; *Prescott v. Maxwell,* 48 Ill. 82; *Hanford v. Blessing,* 60 Ill. 352; *Western Bank v. Coldeway's Exr.,* (Ky.) 94 S. W. 1; *Sullivan & Co. v. Owens,* (Tex.) 78 S. W. 373; *First Nat. Bank v. Cleland,* (Tex.) 82 S. W. 337. Even where a petition on the law side prays for judgment for the principal due on a promissory note, and for interest, the allowance of interest is limited to the time when the action was commenced. *Anderson v. Kerr,* 10 Iowa 236. Interest must be prayed for expressly or by necessary implication. *Cameron v. Armstrong,* 8 Iowa 212; *Dawson v. Graham,* 48 Iowa 378; *Fremont County v. Fremont County Bank,* 145 Iowa 8. All we have found that is at all to the contrary is *City of Houston v. Lubbock,* (Tex.) 79 S. W. 851; *Denise v. Swett,* 142 N. Y. 602; *Texas & St. L. R. Co. v. Donnelly,* 46 Ark. 87; *Wyandotte & K. C. Gas Co. v. Schliefer,* 22 Kans. 468; *Tucker v. Page,* 69 Ill. 179; *Weeden v. Berry,* 10 R. I. 288.

While, as said, we are making no pronouncement upon the allowance of interest on the law side, we find the state of the law upon the point and on that side to be such that, if the allowance here made is to be sustained, warrant therefor must be found in some rule or practice that prevails in the chancery court, and what we are determining is whether there is a rule or practice under which the interest allowance here made can or should be upheld.

In this case, the petition seeks judgment for a sum stated, and prays "such other and further relief as may be deemed equitable in the premises." An amendment to petition makes a deduction from the amount thus claimed, and prays judgment for a stated sum and for costs. As to what may be allowed in that state of the pleadings,

*Godwin v. McGehee,* 19 Ala. 468, at 475, is not quite decisive; for, while it permits interest even in the absence of a prayer for general equitable relief, it does so only for interest accruing after the bill is filed. It is as to such allowance that it says:

"In general, a court will not decree interest on a balance unless it is specially asked for in the bill, but this rule applied to interest due at the time the bill was filed. Where the interest accrues subsequently, it is the practice of the court, upon further directions, to order the interest to be computed, although there is no prayer in the bill to that effect."

And see *Turner v. Turner,* 1 Jacob & Walker 39, 43.

In *Sentell v. Hewitt,* (La.) 22 So. 242, it was held that legal interest due was properly allowed, though not claimed in the prayer, where it was claimed in the body of a reconventional demand made in a chancery court. In *Talbott v. Manard,* (Tenn.) 59 S. W. 340, defendant agreed to procure a loan for complainant for a stated commission, and a trust deed was drawn for the principal and commission. Defendant, without the knowledge of the complainant, made the loan out of his own funds, and the commission was carried forward into a renewal note. Finally, on request of complainant, defendant took an absolute deed to the property in discharge of the renewal note, and it was held that, in an action to set aside the deed, complainant was, under prayer for general relief, entitled to recover the commission, with interest. In *Slaughter v. Coke County,* (Tex.) 79 S. W. 863, a chancery suit, it was decided that interest might be allowed without prayer therefor on sums paid a county, where the decree set aside a contract for the sale of land by that county for fraud, in that the agent who brought about the sale to the predecessor of the defendant in title, was in fact the agent of the purchaser. In a suit against a trustee by the *cestui,* the court may, on

prayer for general equitable relief, allow interest if that appear to be equitable upon the facts disclosed. *Glenn's Exrs. v. Cockey,* 16 Md. 446. So, where money has been received by a party which, *ex aequo bono,* he ought to refund or pay, interest is implied and should be allowed as matter of course, whether prayed for or not. *Smith v. Godbold,* 4 Strobh. Eq. (S. C.) 186. There may be such allowance without prayer, if it should be made as a matter of substantial justice (*Kohn v. Schuldenfrei,* 84 N. Y. Supp. 870), or where the allowance is required under equitable principles (22 Cyc. 1574). In *Carter v. Lewis,* 29 Ill. 500, complainants alleged that certain amounts were due them, and they were allowed interest thereon, though there was no general prayer. The decree was modified, with the statement that for the sums claimed, and those only, could decree pass; that there was no claim for interest or costs set up in the bill, and that, consequently, complainants could recover neither. And in *Clarkson v. Mitchell,* 3 E. D. Smith (N. Y. Com. Pleas) 269, it was held that a beneficiary who seeks interest on the *corpus* of the trust estate, after same became payable to him, must declare his right to interest as a matter of law, in order to have interest allowed.

We are of opinion that whether the allowance of interest made can be upheld depends upon whether substantial justice and the giving of complete relief under general equitable principles demand such allowance. This is not a case wherein one bound by the clear terms of a decree to a specified maintenance of his minor child contumaciously refuses to obey the decree, and thereby forces the mother of the child either to advance the moneys necessary to support and educate the child or to leave it without support and education. The suit here was brought after the mother had made the necessary expenditures, and a recovery might well have been had on the law side as for an ordinary de-

mand based upon breach of contract. While we uphold the construction of the decree and stipulation which the trial court declared, it still was a fair question whether, under the express terms of the decree and stipulation, there was an obligation to pay more than had been paid by the father. Passing that, the decision of the trial judge intimates strongly that it is possible that neither the mother nor the child was as economical as she might have been under some circumstances, and that these expenditures were undoubtedly influenced by a desire of the daughter to go in the best society, and to dress as well as other girls in her class, and that, because of this, and the sharing therein by the mother, many expenditures were made. While we incline to agree with the further declaration of the district judge that in all this there was nothing wrong, yet that state of affairs was another reason why the resistance made by the father was not contumacious. We think that the demand made was in such sense unliquidated and open to reasonable dispute, and that the demand itself was so essentially a demand at law, though tried by consent in equity, as that, when it comes to a penalty by way of interest on the balance finally found due, no interest should have been allowed before it was finally determined what balance was due, and then only upon such balance from the time it was ascertained. This is no holding, of course, that in no case, in the absence of prayer therefor, might a larger interest allowance be made, but a holding that such allowance was not justified on the facts of this particular case.

We disclaim any intention to decide at what point interest should be exacted where the same is prayed for, and where interest on *something* is due earlier than the beginning of the action. We here deal with a case where interest was not expressly prayed, and where no interest should be allowed before the time when the action was be-

gun.   If here we allow interest earlier than the time at which the decision is made in this court, we are, in effect, penalizing the defendant for having appealed, as if payment had been unreasonably delayed by him.   It is held in *Marsteller v. Crapp*, 62 Ind. 359, that interest should not be allowed where no unreasonable delay in payment is shown.   It is the decision here that establishes for the first time that the district court should not have allowed interest on the balance found due, at all.   Defendant could not avoid paying interest by making payment, because to make it would waive an appeal that he was entirely justified in taking.   He caused no delay for which he should be penalized, and should not be obliged to pay interest during the time he was seeking to have determined in what amount he was justly indebted.

Limiting ourselves to the pleadings, and the record in this particular case, we find that plaintiff should have decree for $967.79, with interest thereon at 6 per cent per annum from the day on which this opinion is filed.   Of the costs taxed in this court, the appellant should pay two thirds, and the appellee one third.

As thus modified, the decree below is—*Affirmed.*

Gaynor, C. J., Ladd and Evans, JJ., concur.