ELISHA D. CARTER, Plaintiff in Error, *v.* ADOLPHUS LEWIS *et al.*, Defendants in Error.

### ERROR TO DEWITT.

If the error assigned is the striking of a demurrer to a bill from the files, the demurrer should be brought to this court for examination.

A chancery cause need not be referred to a master to take proofs; the court can hear these.

Where interest and costs are not claimed, a decree should not pass for them.

A decree for seven hundred dollars and upwards, will be sustained for the sum certain, of seven hundred dollars.

THE opinion states this case fully.

POST & SMITH, for Plaintiff in Error.

NELSON & EMERSON, for Defendants in Error.

BREESE, J. At the March term, 1860, of the Macon Circuit Court, the defendants in error, for themselves, and in behalf of Samuel Hale and Charles Steller, and Charles Emerson, and Berry H. Cassell, administrators of Charles H. Pringle, deceased, and all other creditors who would contribute to the expense of the suit, filed their bill, setting forth in substance: That prior to the 12th of November, 1859, the plaintiff in error was justly indebted to Lewis & Rosenham

in $158.73; to Von Phul, Waters & Bird in $606; to Samuel Hale in $115.75; to Steller in $215.75; to Charles Emerson and Berry H. Cassell in the sum of $700 and upwards, and largely indebted to divers persons unknown.

Further, that Lewis & Rosenham, Von Phul, Waters & Bird, Samuel Hale, and Charles Steller, recovered judgment against Carter at the December term, 1858, of the Macon Circuit Court, for the several sums of money before mentioned; that executions issued on said judgments, which executions were all returned by the sheriff of Macon county, before the commencement of this suit, "no property found."

That at the March term, 1857, of the Logan Circuit Court, Emerson and Cassell, administrators of Charles H. Pringle, deceased, obtained a decree for the payment of the amount due them; that the court-house of Logan county and the record of said decree were afterwards burned, "so that your orators cannot state the exact amount thereof."

Further, that on the 12th of November, and previous thereto, Carter was seized in fee, or otherwise, of certain real estate in Macon county (describing the same), of the value of ten thousand dollars.

That on the 12th of November, Carter, pretending to be indebted to David Schmick in the sum of $8,000, made a mortgage pretending to be for the better securing the said $8,000, and the further consideration of one dollar, conveying all of his real estate, subject to the condition that if Carter should pay to Schmick the said sum of money, and such interest as might be due, in the manner specified in a promissory note of even date with the mortgage, that then the mortgage should be void. Mortgage is exhibited and made part of bill.

That the mortgage was duly acknowledged and recorded previous to the rendition of the judgment; that the mortgage was made and contrived of fraud and collusion for the purpose to delay and hinder the creditors of Carter in the collection of their debts; that the debt from Carter to Schmick was not real, but pretended, and the one dollar was colorable only; that defendants in error and others have often tried to obtain payment of their debts and failed; that the mortgage

and note were made without consideration, and for the purpose of delaying and hindering creditors, etc.; praying that Carter and Schmick be made parties to the bill, and required to answer under oath, and that Schmick be compelled to pay to the defendant in error and others named, the sums above mentioned, or in default that the real estate be subjected to sale for the payment, etc., and for general relief.

The record shows, a change of venue from Macon to DeWitt county, on account of the interest of Emerson, Judge.

At the October term, 1860, of the DeWitt Circuit Court, the court proceeded, on complainants' motion, to strike the demurrer of plaintiffs in error from the files, and ordered the plaintiffs in error to answer to the merits of the bill in ninety days, and continued the cause.

At the November term, 1861, MERRIMAN, Judge of the Seventh Circuit, presiding, a default being made by the plaintiffs in error, the bill was taken for confessed, and the cause heard on the bill, exhibits and proof; and the decree sets forth that the above named complainants have obtained judgments and decrees against Carter, as stated in the bill, as follows, to wit: Lewis & Rosenham, for the sum of $258.73; Von Phul, Waters & Bird, $606; Samuel Hale, $115.75; Charles Steller, $215.75, and to Charles Emerson, and Berry H. Cassell, administrators of Charles H. Pringle, deceased, the sum of $700 and upwards.

Further, that the mortgage was without adequate consideration, and fraudulent as to complainants, to delay and hinder, etc.; and orders that Carter and Schmick pay to the complainants the respective sums above mentioned within twenty days, together with interest and costs on the same, and the costs of the proceeding, and in default thereof, the mortgage is postponed, cancelled and taken for naught as against the complainants, and so much of the real estate as may be necessary to pay the above judgments and decrees, be sold for cash in hand, appointing the master in chancery of DeWitt county to execute the decree, etc.

The errors assigned are:

The court erred in striking the demurrer from the files.

The court erred in rendering a decree for an indefinite amount.

The court erred in rendering a decree by default against defendants below.

The court erred in not referring the cause to the master in chancery to take proof after default taken.

The court erred in allowing the claim of Emerson and Cassell for $700 and upwards.

As to the first error assigned, we are unable to determine its pertinency, as the demurrer is not before us. We can imagine many reasons justifying a court in striking a demurrer from the files, as that it was not entitled in the cause—it was not signed by counsel—it was not filed in time—it stated no grounds of demurrer, and the like. We are to presume this demurrer was of this character, or the court would not have disposed of it in a manner so summary. It was the duty of the party complaining of this action of the court, to have brought the demurrer here in the record, that we might see it was a proper demurrer. In its absence, we must presume the court acted properly.

As to the other errors assigned, it will be perceived, the bill was regularly taken for confessed, and the cause heard by the court on the bill, exhibits and proof. On default of answers no other course could be taken but a decree *pro confesso.*

It is objected, that the cause should have been referred to the master to take the proofs. This is the usual practice and greatly relieves the court, but the courts have the power to hear the whole case without a reference, which they often do.

The court on the hearing, found certain amounts to be due the complainants severally, being the amounts alleged in their bill of complaint. For those sums and those only, could a decree pass. There was no claim for interest or costs in the original suits set up in the bill, consequently, the complainants could not recover either, not being claimed. The decree of the court is modified, so as to limit it to the several amounts claimed in the bill, without interest or costs of those suits. As to the decree in favor of Emerson and Cassell for seven hundred dollars " and upwards," we have only to say, that

the decree is good for the certain sum of seven hundred dollars, and void for the residue, and it will be so modified. With these modifications, the decree is affirmed.

*Decree affirmed.*