## JOHN B. MILLS

### v.

## BERNARD HEENEY et al.

1. DECREE FOR SALE OF REAL ESTATE — *time for payment of money.* Decrees in chancery directing the sale of real estate for the non-payment of money, should give at least ninety days for its payment, where there is no right of redemption from the sale.

2. RULE APPLIED to decree to enforce a mechanic's lien.

3. DECREE — MECHANIC'S LIEN — *recovery limited to amount sued for.* A decree in a suit to enforce a mechanic's lien should not be rendered for a larger sum than is claimed by the petition, and interest from the time it was filed, when it asserts no claim for interest.

WRIT OF ERROR to the Superior Court of Chicago.

This was a proceeding to enforce a mechanic's lien brought by defendants in error against plaintiff in error in the Superior Court of Chicago.

The petition, which was filed on the 22d day of March, 1861, shows that on the 27th day of September, A. D. 1858, a contract in writing was made, whereby defendants in error agreed to do the carpenter and joiner work upon the dwelling house mentioned, in a careful, skillful, and workmanlike manner, within three years, to wit., on or before the 15th day of June, A. D. 1859; and that the plaintiff in error agreed to pay them therefor $425 in cash, when the building should be ready for lathing, and the balance, $2,790, by a warranty deed, to be made when the contract for said building should be completed, of a lot of land contiguous to the lot on which said house was to be erected.

The petition also shows, that it was agreed, in and by said contract, that said Mills (plaintiff in error) should have the right to change, alter, or modify the plan for said house, by conferring with the architect, Boyington; and that defendants in error were to be paid for what extra work and labor they performed in consequence of any change or modification of said contract, in the ratio such extra work and labor should bear to

the work to be done under the contract as originally made, and that, in consequence of changes and modifications in said contract, defendants in error performed extra work and labor upon said house to the amount of $535.20, for which they pray for a lien on said house.

The plaintiff in error filed a general demurrer to the petition, which was overruled by the court. The plaintiff in error elected to stand by his demurrer, and the cause was submitted to the court to find the amount due. The court found the amount due to be $649.10, and by decree, entered June 28th, 1861, decreed the same a lien on the house from the 29th day of September, 1858; that the plaintiff in error should pay said sum of $649.10 in *ten days* from the date of said decree, and in default thereof, that the premises be sold by the master in chancery to pay and satisfy the same.

The defendants below thereupon sued out this writ of error and now insist the decree is erroneous in not allowing sufficient time within which to pay the money; and that the amount decreed to be paid was greater than that claimed in the petition.

Messrs. Knox & Read, for the plaintiff in error.

Messrs. Farwell & Smith, for the defendants in error.

Mr. Justice Beckwith delivered the opinion of the Court:

An established rule of practice in this State requires decrees in chancery, directing the sale of real estate for the non-payment of money, to give at least ninety days for its payment where there is no right of redemption from the sale. 24 Ill. 551; 27 id. 497; ib. 23; 28 id. 457.

A decree in a suit to enforce a mechanic's lien should not be rendered for a larger sum than is claimed by the petition, and interest from the time it was filed, where it asserts no claim for interest. 29 Ill. 500; 17 How. 17. In other respects the decree of the court below was correct. It will be reversed and the cause remanded.

*Decree reversed.*