# HERMAN HEIMAN

*v.*

# THEODORE SCHRŒDER.

1. INSTRUCTION — *construed.* An instruction in a suit to enforce a mechanics' lien, that if the petitioner was hindered and prevented by the defendant from finishing and completing the work which had been entered upon, the petitioner was not precluded from recovering because the work

was not completed entirely by him, is not open to the objection that it authorized a recovery for all the work contracted to be done, and for work not done by the petitioner.

2. INTEREST — *on money due for work done under contract.* Where specific sums of money are agreed to be paid for work by an agreement in writing, the several sums will, under the statute, carry interest from the times they become due.

3. SAME — *may be recovered without being claimed in pleading.* Where interest is an incident to a debt, it may be recovered though not claimed as such in the petition or other pleading, if the sum claimed is large enough to include the same.

4. PLEADING — *when sufficient after verdict.* Where the statements in a pleading, although imperfect and insufficient in themselves, are yet of such a character as force the conclusion that all must have been proved on the trial, which ought to have been stated in the pleading to procure the verdict, then the defective pleading is aided by intendment after verdict, and the court may render judgment.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. M. MARX & SON, for the appellant.

Mr. JOSEPH PFIRSHING, and Mr. ARNO VOSS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit to enforce a mechanic's lien, brought in the circuit court of Cook county, where a trial was had before a jury, resulting in a verdict and judgment for the petitioner, the appellee.

The giving of the petitioner's first and second instructions is assigned as error.

The first one was, that if the petitioner was hindered and prevented by the defendant from finishing and completing the work which had been entered upon, the petitioner was not precluded from recovering because the work was not completed entirely by him. The objection taken to it is, that it tells the jury that the petitioner could recover for all the work contracted

to be done, whether the contract was completed or not, and for work which he had not done.

We do not consider the instruction as fairly open to such objection, or that the jury would naturally have so construed it as appellant claims it to be, or that they did so construe it, from the amount of the verdict rendered by them.

The second instruction was, that the jury might allow six per cent interest from the time the work was agreed to be paid for. Specific sums of money were agreed to be paid for the work, by an agreement in writing, and by the express provision of our statute they carried interest from the time they became due. Such interest was a legal incident to the debt. But *Mills* v. *Heeney et al.* 35 Ill. 173, and *Prescott* v. *Maxwell*, 48 id. 82, are cited as authority against the allowance of interest, because it was not claimed in the petition. What was there said upon the subject, we do not regard as applicable to the present case. In each of those cases, there was a recovery of a larger sum than that claimed in the petition to be due, and we regard those cases as deciding nothing more than that there cannot be a recovery beyond the amount claimed in the petition to be due, unless interest on such amount be claimed in the petition, in which case there may be a recovery to the extent of the amount claimed, and interest thereon. The recovery in the present case was for a less amount than that claimed by the petition to be due. The interest here, being a legal incident to the debt, claiming the debt by the petition was claiming the interest, the incident. We do not consider it necessary that there should have been a claim of the interest specifically. *McConnel* v. *Thomas*, 2 Scam. 313.

The overruling of the motion in arrest of judgment is also assigned as error.

The objection urged as ground of arrest is, that the petition does not contain sufficient averments that the times for the furnishing of the materials, performance of the work, and payment therefor, were within the several periods named by the statute, one and three years.

Where the statements in the pleading, although imperfect and insufficient in themselves, are yet of such a character as to force upon the mind of the court the conclusion that all must have been proved on the trial, which should have been stated in the pleading to have made it sufficient before the jury would have been induced to have rendered a verdict for the plaintiff, then the defective pleading is aided by intendment after verdict, and the court may render judgment. 1 Chit. Pl. 712; *Warren* v. *Harris*, 2 Gilm. 307.

At least, under the above rule, the petition in this case must be regarded as sufficient upon a motion in arrest of judgment.

Finding no error in the record, the judgment must be affirmed.

*Judgment affirmed.*