RICHARD T. RACE ET AL.

v.

JAMES SULLIVAN.

1. INTEREST—WHEN NOT ENTITLED TO.—The petitioner made no claim for interest in his petition. *Held*, to be error in the Circuit Court to award interest when none was claimed in the petition.

2. MECHANIC'S LIEN—PARTIES.—In proceedings to enforce a mechanic's lien, all persons whose interests, either legal or equitable, direct or remote, may be affected by the decree, should be made parties, and it affirmatively appearing by the petition that certain persons named were interested in the premises: *held*, that the decree was erroneous, because it was rendered without such persons having been brought into court.

3. AWARDING EXECUTION FOR BALANCE.—An execution for the balance due after deducting the proceeds of the sale under the decree, should be awarded against such defendants only as might be held to pay such balance in an action at law; and in determining such parties the court must be guided solely by the averments of the petition. Resort cannot be had to proof taken before the master to cure any infirmities in the petition.

ERROR to the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. DAVID S. PRIDE, for plaintiffs in error; that allegations and proof must correspond, and complainant is not entitled to relief unless there are averments in his bill to support the evidence, cited Heath v. Hall et al. 60 Ill. 344; House v. Davis,

60 Ill. 367; Cronk v. Trumble, 66 Ill. 428; Tracy v. Rogers, 69 Ill. 662; Page et al. v. Greeley, 75 Ill. 400.

As to allowance of interest, Mills v. Heeney, 35 Ill. 173; Prescott v. Maxwell, 48 Ill. 82.

As to decree, Kinney v. Sherman, 28 Ill. 521; Bush v. Connelly, 33 Ill. 448.

Upon the question of awarding execution for balance after sale of the premises, Delahey v. Clement, 3 Scam. 201; Stephens v. Holmes, 64 Ill. 336; Rothgerber v. Dupuy, 64 Ill. 452; Canisius v. Merrill, 65 Ill. 67.

That the court should have set aside the decree, because the property was sold for a grossly inadequate sum, and because it was brought to the notice of the court that the property was owned by minors, Thomas v. Hebenstreit, 68 Ill. 115; Hartman et al. v. Hartman, 59 Ill. 103; White et al. v. Glover, 59 Ill. 459.

Mr. SAMUEL M. BOOTH and FRANK J. LOESCH, for defendant in error; upon the question of variance between the allegations and proof, cited Hopkins v. Snedaker, 71 Ill. 449; Stanley v. Valentine, 79 Ill. 544.

That the objection comes too late in this court, Tug Boat Dorr v. Waldron, 62 Ill. 221; Mains v. Cosner, 62 Ill. 465; Semmes v. United States, 1 Otto, 21; Wood.v. Farnell, 50 Ala. 546; Mitchell v Milhoam, 11 Kan. 617; Thompson v. Hoagland, 65 Ill. 310; Reynolds v. Palmer, 70 Ill. 288; Allen v. Nichols, 68 Ill. 250; Allen v. Payne, 45 Ill. 339.

As to allowance of interest, Rev. Stat. chap. 74, § 2; Albee v. Wachter, 74 Ill. 173.

That a proceeding for a mechanic's lien is not entirely *in rem*, Gould v. Garrison, 48 Ill. 258; Clark v. Moore, 64 Ill. 273; Rev. Stat. chap. 82, §§ 9, 25.

The court did not err in refusing to set aside the default and decree, Lynn v. Boilvin, 2 Gilm. 629; Iglehart v. Marine Ins. Co. 35 Ill. 514; Schneider v. Seibert, 50 Ill, 284; Bowman v. Bowman, 64 Ill. 75; Terry v. Trustees of Eureka Coll. 70 Ill. 236; Freibroth v. Mann, 70 Ill. 523; Rev. Stat. chap. 22, § 18.

That parties against whom no decree is taken cannot object,

Hawke v. Snydacker, 10 Chicago L. N. 181; Rowand v. Carroll, 81 Ill. 224; Fonville v. Sausser, 73 Ill. 451; Richards v. Greene, 78 Ill. 525; Clark v. Marfield, 77 Ill. 258; Henrickson v. VanWinkle, 21 Ill. 274.

As to awarding execution for balance, Eames v. Germania Turn Verein, 74 Ill. 54; Rev. Stat. chap 11, § 34.

BAILEY, J. On the 9th day of January, 1874, the defendant in error filed in the court below his petition for a mechanic's lien, therein alleging that on the 20th day of November, 1872, Richard T. Race, and Susan A. Race, were owners in fee of lots 22 and 23, in block 39, in the N. E. $\frac{1}{4}$ of Sec. 22, Town 40 N., R. 13, E. of 3d P. M., in Irving Park, in the county of Cook; and that on that day the petitioner and Richard T. Race, one of the plaintiffs in error, entered into a written agreement, by which the petitioner agreed to erect and complete a dwelling house on said lot 22, according to certain plans and specifications, the same to be completed on or before April 1st, 1873. This written agreement, a copy of which is made a part of the petition, purports to be an agreement between James Sullivan of the one part, and R. T. Race & Co. of the other part.

The petition avers that in and by said agreement said Richard T. Race, "by the name of R. T. Race & Co.," promised and agreed to pay the petitioner for erecting said house the sum of $3,000, to be paid in a certain specified manner; that said contract was signed by said Richard T. Race, with the name of R. T. Race & Co., but that the petitioner contracted with Richard T. Race alone, and if other persons associated in business with him were interested in said transactions, the petitioner did not know it at the time said contract was made.

It is further averred that by a subsequent arrangement between the petitioner and said Richard T. Race, the house was actually erected on lots 22 and 23, and that it was fully completed about June 1st, 1873; that in building said house, the petitioner, at the request of said Richard T. Race, did certain extra work not embraced in the original agreement, amounting to $359; and that at the time of filing the petition there

was due the petitioner for the work done under said contract, and for such extra work, the sum of $1,182.50; that since said money became due, the petitioner had frequently demanded payment of the same of said Richard T. Race, who had wholly failed and refused to make such payment; that said building was erected with the knowledge, approbation and consent of said Susan A. Race, and for the joint use and benefit of said Richard T. and Susan A. Race.

The petition further sets up, as an excuse for the non-completion of the building within the time stipulated, that the work thereon was delayed and the completion thereof deferred, at the request of said Richard T. Race. It then avers "that Everet Chamberlin, Charles T. Race and Stephen A. Race, claim to have some interest in said land and building, and he therefore makes them parties defendant to this suit."

The petition prays for process of summons against Richard T. Race, Susan A. Race, Everet Chamberlin, Charles T. Race and Stephen A. Race, and for the benefit of a mechanic's lien on said land and building, and for a sale of the same to pay petitioner's said demand and costs, and a general prayer for relief.

On the filing of the petition, a summons was issued and returned not served. On the 3d day of May, 1876, an alias summons was issued against all the defendants named in the petition, and was returned served on Richard T., Charles T., and Stephen A. Race, and "not found" as to the other two defendants.

The defendants thus served were afterwards defaulted, and the petition taken as confessed by them, and the suit referred to the Master to take proofs. Before the Master the petitioner proved by his own testimony that the firm of R. T. Race & Co. consisted of Richard T. Race, Susan A. Race, Charles T. Race and Stephen A. Race; and in answer to a question whether any members of said firm besides Richard T. Race had "recognized said contract," he answered that he had made demands upon Charles T. and Stephen A. Race at various times for the balance due him under said contract, and they admitted the amount claimed—$1,182.50—to be due, but wished Richard T.

7

who attended to the business of the firm, to settle it; and that Stephen A. Race told petitioner that he wished the claim was settled, as he could not obtain a settlement of the copartnership affairs until it was.

Upon the coming in of the Master's report, the court rendered its decree, finding that the defendants, Richard T., Stephen A., Charles T. and Susan A. Race, made with the petitioner the said contract for the erection of said dwelling house, and that there was then due the petitioner by the terms thereof the sum of $1,182.50, and interest thereon at six per cent. from October 2d, 1873, making a total of $1,454.42, and decreeing a lien on said premises " for the amount so found to be due from the defendants, Richard T., Charles T. and Stephen A. Race, and that the defendants, Richard T., Charles T. and Stephen A. Race, or some of them, pay said sum," etc., within a time limited by the decree, or in default of such payment the said premises be sold, etc., and that in case, after the proper application of the proceeds of such sale, any portion of the sum decreed to be paid to the petitioner should remain unsatisfied, the sum so remaining should stand as a judgment at law in favor of the petitioner, and against said defendants, Richard T. Race, Stephen A. Race and Charles T. Race, and that execution issue thereon as on a judgment at law.

Said premises were afterwards exposed for sale by the master, in pursuance of said decree, and were struck off and sold to the petitioner for $50; and upon confirmation of the master's report of sale, showing a deficiency of $1,444.92, it was ordered that an execution in favor of the petitioner and against the property of the defendants, Richard T. Race, Charles T. Race and Stephen A. Race, issue for that amount.

Various errors are assigned, but we deem it necessary to consider only the following:

Complaint is made, that in computing the amount due the petitioner, interest was allowed him by the court at six per cent. from October 2d, 1873, to January 9th, 1874, the date of filing the petition. This we think was error. There is no claim for interest in the petition, the petitioner praying only for a decree for the principal sum then claimed to be due. It

is true the sum owing him appears to have become due and payable October 2d, 1873, and under a proper state of pleadings he might have been entitled to interest at six per cent. from that date. But having made no claim for interest in his petition, he should have been permitted to recover only the principal sum due him, and six per cent. interest from the date of filing the petition. Mills v. Heeney, 35 Ill. 173; Carter v. Lewis et al. 29 Id. 500.

It is next objected that the decree is erroneous for want of necessary parties. It is a well established rule that in proceedings to enforce a mechanic's lien, all persons whose interests, either legal or equitable, direct or remote, may by any possibility be affected by the decree, should be made parties. Kimball v. Cook, 1 Gilm. 423; Williams v. Chapman, 17 Ill. 423; Lomax et al. v. Dore et al. 45 Id. 379. By section 13 of the chapter of the Revised Statutes, relating to mechanic's liens, it is provided that parties in interest, within the meaning of said act, shall include all persons who may have any legal or equitable claim to the whole, or any part of the premises upon which a lien may be attempted to be enforced, under the provisions of said act. By section 12 all such parties in interest have a right on their own motion, to become parties to the proceeding, and we think it follows, as a consequence, that they should be made parties at the instance of the petitioner if their names and interests are known to him, or are disclosed in the course of the proceeding.

In this case, it affirmatively appears by the petition that at the time the building contract in question was made, Susan A. Race was a joint owner with Richard T. Race of the premises on which the building was to be erected, and that the building was erected with her knowledge, approbation and consent, and for the joint use and benefit of herself and said Richard T. Race. Not only is this true, but the decree finds, as a matter of fact, although it is not so averred in the petition, that the contract under which the building was erected was actually made with the petitioner by Richard T., Stephen A., Charles T. and Susan A. Race, under the firm name of R. T. Race & Co. Manifestly Susan A. Race should have been made a party.

The petition further discloses the fact that Everet Chamberlin claimed an interest in said land and building. Such being the case, the petitioner, before taking his decree, should have brought said Chamberlin before the court, so that his interest might have been ascertained and protected.

It should be observed, that both Susan A. Race and Everet Chamberlin, were named as defendants in the petition, and process was issued against them but no service was had, and the decree was rendered without having them brought before the court. It is the duty of a complainant to see and know that he has before the court all necessary parties, or his decree will not be binding; and where he takes a decree without making the necessary parties defendants to his bill, where the necessity of their being made parties is disclosed, the decree will be reversed. Hopkins et al. v. Roseclare Lead Co. 72 Ill. 373.

It is further objected that the decree is erroneous in awarding execution against Charles T. Race and Stephen A. Race, for the balance due the petitioner after deducting the proceeds of the sale of the premises affected by the lien. It is true the statute, to obviate the necessity of resorting to an action at law for the recovery of such balance, authorizes the court, upon ascertaining the same, to award execution therefor upon the decree. But against whom should such execution be awarded? manifestly against such defendants only as might be held to pay such balance in an action at law.

In determining the party against whom the execution should have been awarded in this case, we must be guided solely by the averments of the petition. The decree must depend for its validity upon the case there made, and no resort can be had to the proofs taken before the Master to cure any infirmities in the petition. According to the petition, Richard T. Race, and he alone, was the person with whom the petitioner made the contract, and he alone is personally liable to the petitioner thereon. There is no pretense in the petition that any contract was entered into by Stephen A. Race or Charles T. Race, but directly the contrary is averred. They were under no personal liability to the petitioner. The mere fact that they

claimed some interest in the land and building, which is the only fact alleged against them, fails to establish such liability. The decree in awarding execution against them is clearly erroneous.

For the errors above indicated, the decree is reversed and the cause remanded.

Reversed and remanded.