## James A. Goodall et al., Appellees, v. Eldorado, Marion & Southwestern Railroad Company, Appellant.

1. MECHANICS' LIENS—*when awarded against railroad company.* Held, that the evidence in this case justified the award of a preferential mechanic's lien against the railroad company defendant.

2. MECHANICS' LIENS—*propriety of including interest in decree.* Held, that the lien claimant having established his right to interest upon his claim was entitled to its inclusion in the decree awarded.

Mechanics' lien. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

COLP & FERRELL, for appellant.

DENISON & SPILLER, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellees, a firm of railroad contractors, filed a petition to enforce a lien under paragraph 1, section 7, chapter 82, Revised Stat. (Hurd, 1905), for work and labor done by them under an oral contract with appellant, whereby appellees undertook to do certain excavation work, clearing, grading and other work necessary in the building, construction and completion of a road-bed for appellant, upon its right of way in Williamson county, Illinois, for a certain compensation then agreed upon between the parties.

The section of the statute above referred to is as follows: "That all persons who may have furnished, or

who shall hereafter furnish to any railroad corporation now existing, or hereafter to be organized under the laws of this state, any fuel, ties, materials, supplies, or any other article or thing necessary for the construction, maintenance, operation or repair of such roads, by contract with the said corporation, or who shall have done and performed, or shall hereafter do and perform any work or labor for such construction, maintenance, operation or repair by like contract, shall be entitled to be paid for the same as part of the current expenses of said road; and in order to secure the same, shall have a lien upon all the property, real, personal and mixed, of said railroad corporation as against such railroad, and as against all mortgages or other liens which shall accrue after the commencement of the delivery of said articles, or the commencement of said work or labor; provided, suit shall be commenced within six months after such contractor or laborer shall have completed his contract with said railroad corporation, or after such labor shall have been performed or material furnished.''

The contract was entered into and work commenced in October, 1906, and completed in June, 1907, and this suit was commenced September 11, 1907. On January 1, 1907, appellant gave a deed of trust on its property to the Illinois State Trust Company, which was also made a party defendant. Both defendants answered and upon the hearing, a decree was entered awarding appellees a prior lien upon the real estate described in the petition as belonging to appellant, and also upon its rolling stock, for the amount claimed to be due and unpaid to appellees upon said contract, to-wit, $6,974.57, together with interest thereon as the several sums composing said amount respectively fell due to the date of the decree, amounting to $441.92, making a total of $7,416.49.

This appeal is prosecuted by the Eldorado, Marion and Southwestern Railroad Company alone, its co-defendant, the Illinois State Trust Company, not having perfected its appeal.

Appellant does not deny that it entered into the contract with appellees as claimed by them or that appellees did the work provided for by the contract and that it is indebted to appellees for a portion of said work.

It offered no evidence whatever in its behalf upon the trial and its defense here is confined to technical objections to the sufficiency of the proof offered by appellees.

Appellant here insists there was no proof that it was the owner of the real estate described in the petition; no proof that it was in possession of said real estate; no proof that the work claimed to have been done, was done on that particular real estate; no sufficient proof as to the amount due and that there was no authority for decreeing the sum of $441.92 interest be made a lien on appellant's property.

The proofs show that before and on the trial appellees notified appellant to produce its deeds of conveyance for its right of way through Williamson county and as they were not produced, the court admitted in evidence the records of the same from the recorder's office of said county. The evidence also shows that appellant set appellees at work on the right of way claimed by them; that the work was done upon said right of way as stated in the petition; that it paid appellees for a portion of the work and that it is still in possession of said right of way and has appropriated the work done by appellees for it. Appellant through its engineers furnished appellees with monthly estimates of the amount of work done by appellees and such payments as were made were made upon these estimates. The amount still claimed to be due is also based upon estimates furnished by appellant's engineers and figured at the amount agreed upon in the contract. The estimates having been furnished by the engineers of appellant who were in charge of the work and appellant having recognized the correctness of that manner of settlement by former payments made upon such basis, the estimates furnished by said en-

FOURTH DISTRICT—SEPTEMBER, 1908.    331

Goodall v. Eldorado, Marion & S. W. R. R. Co., 143 App. 328.

gineers upon which this suit is based must be held in the absence of any proof offered by appellant to the contrary, to be *prima facie* evidence of the amount of work for which appellant still owes appellees.

The claim for interest is based on a conversation had by appellee, James A. Goodall, with C. A. Gent, the general manager of appellant company and the person with whom the original contract was made in December, 1906. At that time the appellant was unable to meet the payment on the estimate then due and Mr. Gent told Mr. Goodall that they would thereafter pay interest on the estimates as they came due and remained unpaid. The fact that appellees continued at the work they were employed by appellant to do, after the payment became due upon the estimates from time to time and after the promise to pay interest was made, was a sufficient consideration for the undertaking on the part of appellant to pay interest on the deferred payments as they should become due.

The point made by appellant however is that the interest should not have been made a lien on its property.

In Heiman v. Schroeder, 74 Ill. 158, which was a suit to enforce a mechanic's lien, an instruction authorizing the allowance of interest was upheld by the Supreme Court, it being said "such interest was a legal incident to the debt," and in St. L. & P. R. R. Co. v. Kerr, 48 Ill. App. 496, which was a bill filed by a sub-contractor to enforce a lien against a railroad, the allowance of interest in the decree was approved by the court, and the case was affirmed by the Supreme Court in 153 Ill. 182.

In the two cases above referred to the contracts do not appear to have provided for interest but the court held that being in writing they, by the express provision of the statute, carried interest from the time they became due and allowed it as part of the lien. In the present case however while the contract was not in writing, yet the interest was made a part of the contract itself by the agreement between the parties and

appellees thereafter proceeded to work under that contract. The interest due was also asked for in the petition in this case and being an incident of the debt was properly allowed as part of the lien:

The decree of the court below will be affirmed.

*Affirmed.*